UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

MAURICE NEWMAN,

                Petitioner,

        -against-

CYRUS VANCE JR.,

                Respondent.

20-CV-1416 (LLS)

ORDER

LOUIS L. STANTON, United States District Judge:

      Petitioner, currently residing in a shelter "per parole," (ECF No. 1 at 2) brings this *pro se* petition challenging his June 12, 2009 conviction in the New York Supreme Court, New York County. By order dated March 11, 2020, the Court granted Petitioner's request to proceed *in forma pauperis* (IFP). The Court directs Petitioner to file a declaration within sixty days of the date of this order showing cause why this application should not be denied as time-barred.

**STANDARD OF REVIEW**

      The Court may entertain a petition for a writ of *habeas corpus* on "behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). Under Rule 4 of the Rules Governing § 2254 Cases, the Court has the authority to review and dismiss a § 2254 petition without ordering a responsive pleading from the state "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court." Rules Governing § 2254 Cases, Rule 4; *see Acosta v. Nunez*, 221 F.3d 117, 123 (2d Cir. 2000). The Court is obliged to construe *pro se* pleadings liberally and interpret them "to raise the strongest arguments they suggest." *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474-75 (2d Cir. 2006) (citations omitted); *see Green v. United States*, 260 F.3d 78, 83 (2d Cir. 2001).

Nevertheless, a *pro se* litigant is not exempt "from compliance with relevant rules of procedural and substantive law." *Tragath v. Zuck*, 710 F.2d 90, 95 (2d Cir. 1983).

## DISCUSSION

**A.    Applicable Statute of Limitations**

Petitioner's application may be time-barred. A prisoner seeking *habeas* relief under § 2254 must generally file a petition within one year from the latest of four benchmark dates: (1) when the judgment of conviction becomes final; (2) when a government-created impediment to making such a motion is removed; (3) when the constitutional right asserted is initially recognized by the Supreme Court, if it has been made retroactively available to cases on collateral review; or (4) when the facts supporting the claim(s) could have been discovered through the exercise of due diligence. *See* 28 U.S.C. § 2244(d)(1)-(2).

Petitioner alleges that on June 12, 2009, he was convicted in the New York Supreme Court, New York County. Court records indicate that on April 17, 2012, the New York Supreme Court Appellate Division, First Department, affirmed the conviction, *People v. Newman*, 942 N.Y.S.2d 93 (1st Dep't Apr. 17, 2012), and the New York Court of Appeals denied leave to appeal on August 20, 2012, *People v. Newman*, 951 N.Y.S.2d 475 (2012). Petitioner's conviction consequently became final on November 20, 2012, following "the expiration of [the] 90-day period of time to petition for *certiorari* in the Supreme Court of the United States." *Warren v. Garvin*, 219 F.3d 111, 112 (2d Cir. 2000).[1] The petition, executed by Petitioner on February 18, 2020, was received by the Court on February 19, 2020, more than seven years after the judgment of conviction became final.

---

[1] Petitioner alleges that he filed a petition for *certiorari* in the United States Supreme Court which was denied, but Petitioner does not provide the date he filed the petition and the date the petition was denied. (ECF No. 2 at 3.)

Under the AEDPA, when postconviction motions are filed before the expiration of the statute of limitations, those motions and related state-court proceedings may toll the statute of limitations. *See* 28 U.S.C. § 2244(d)(2). Postconviction motions filed after the limitations period expires, however, do not start the limitations period anew. "[P]roper calculation of Section 2244(d)(2)'s tolling provision excludes time during which properly filed state relief applications are pending but does not reset the date from which the one-year statute of limitations begins to run." *Smith v. McGinnis*, 208 F.3d 13, 17 (2d Cir. 2000). Section 2244(d)(2) applies only if a petitioner's postconviction motion was pending within the one-year limitations period.

Here, Petitioner alleges that he filed several postconviction motions in the New York state courts. But Petitioner's postconviction proceedings in the New York state courts do not appear to toll the limitations period. *See* 28 U.S.C. § 2244(d)(2).

**B.    Leave to Show Cause**

The Court directs Petitioner to file a declaration within sixty days of the date of this order stating why this application should not be dismissed as time-barred.[1] Petitioner should allege any facts showing that he has been pursuing his rights diligently and that some extraordinary circumstance prevented him from timely submitting this petition. *See Holland v. Florida*, 560 U.S. 631, 649 (2010) (holding that one-year limitations period under § 2244(d) for *habeas corpus* petitions under 28 U.S.C. § 2254 is subject to equitable tolling in appropriate cases).

---

[1] Petitioner should also include in the declaration: (1) the dates that all postconviction applications in state court challenging this conviction were filed, including any petition for a writ of error *coram nobis*, all motions under N.Y. Crim. P. L. § 440, and any other postconviction applications, (2) when any postconviction applications were decided, (3) the dates that any appeals or applications for leave to appeal from those decisions were filed, (4) when those appeals or applications were decided, and (5) when Petitioner received notice of any state court decisions on those applications and appeals. *See* 28 U.S.C. § 2244(d)(2).

**CONCLUSION**

The Clerk of Court is directed to mail a copy of this order to Petitioner and note service on the docket. Petitioner is directed to file a declaration within sixty days of the date of this order showing why the petition should not be dismissed as time-barred. A declaration form is attached to this order. If Petitioner timely files a declaration, the Court shall review it, and if proper, shall order the Respondent to answer. If Petitioner fails to comply with this order within the time allowed, and cannot show good cause to excuse such failure, the petition will be denied as time-barred. No answer shall be required at this time.

Because Petitioner has not at this time made a substantial showing of the denial of a constitutional right, a certificate of appealability will not issue. *See* 28 U.S.C. § 2253.

SO ORDERED.

Dated: March 19, 2020
New York, New York

                                                  Louis L. Stanton
                                                  U.S.D.J.

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

_____

_____

Write the first and last name of each plaintiff or petitioner.

Case No. _____ CV _____

-against-

_____

_____

_____

_____

Write the first and last name of each defendant or respondent.

# DECLARATION

_____

_____

Briefly explain above the purpose of the declaration, for example, "in Opposition to Defendant's Motion for Summary Judgment," or "in Response to Order to Show Cause."

I, _____ , declare under penalty of perjury that the following facts are true and correct:

In the space below, describe any facts that are relevant to the motion or that respond to a court order. You may also refer to and attach any relevant documents.

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

Attach additional pages and documents if necessary.

| Executed on (date) | Signature |
|---|---|

| Name | Prison Identification # (if incarcerated) |
|---|---|

| Address | City | State | Zip Code |
|---|---|---|---|

| Telephone Number (if available) | E-mail Address (if available) |
|---|---|