UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

MAURICE NEWMAN,

                Petitioner,

    -against-

CYRUS VANCE JR.,

               Respondent.

20-CV-1416 (LLS)

ORDER OF DISMISSAL

---

LOUIS L. STANTON, United States District Judge:

    Petitioner, who is proceeding *pro se* and *in forma pauperis* (IFP), filed this petition challenging his June 12, 2009 conviction in the New York Supreme Court, New York County. When Petitioner filed the petition, he was residing in a shelter "per parole." (ECF No. 1 at 2). By order dated March 20, 2020, the Court ordered Petitioner to show cause why the petition should not be dismissed as time barred. (ECF No. 4.) By letters filed on June 4, 2020, July 2, 2020, and August 4, 2020, respectively, Petitioner informed the Court that he was moved and didn't receive the Court's March 20, 2020 order. (ECF Nos. 5-7.) On August 5, 2020, the Clerk's Office updated Petitioner's address on the docket, and on August 6, 2020, mailed the March 20, 2020 order to Plaintiff at his updated address.

    On September 2, 2020, Petitioner filed a notice of appeal. (ECF No. 10.) Two days later, on September 4, 2020, Petitioner filed a declaration and a letter in response to the Court's March 20, 2020 order. (ECF Nos. 8, 9.). By Mandate dated March 10, 2021, the United States Court of Appeals for the Second Circuit dismissed Petitioner's appeal because the Court's March 20, 2020 order is not a final order. (ECF No. 11.)

    The Court has reviewed Petitioner's submissions, and the petition is dismissed as time barred.

## STANDARD OF REVIEW

The Court may entertain a petition for a writ of *habeas corpus* on "behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). Under Rule 4 of the Rules Governing § 2254 Cases, the Court has the authority to review and dismiss a § 2254 petition without ordering a responsive pleading from the state "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court." Rules Governing § 2254 Cases, Rule 4; *see Acosta v. Nunez*, 221 F.3d 117, 123 (2d Cir. 2000). The Court is obliged to construe *pro se* pleadings liberally and interpret them "to raise the strongest arguments they suggest." *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006) (citations omitted); *see Green v. United States*, 260 F.3d 78, 83 (2d Cir. 2001). Nevertheless, a *pro se* litigant is not exempt "from compliance with relevant rules of procedural and substantive law." *Tragath v. Zuck*, 710 F.2d 90, 95 (2d Cir. 1983).

## BACKGROUND

Petitioner alleges that on June 12, 2009, he was convicted in the New York State Supreme Court, New York County. Court records show that on April 17, 2012, the New York Supreme Court, Appellate Division, First Department, affirmed the conviction, *People v. Newman*, 942 N.Y.S.2d 93 (1st Dep't Apr. 17, 2012), and on August 20, 2012, the New York Court of Appeals denied leave to appeal. *People v. Newman*, 951 N.Y.S.2d 475 (2012).

## DISCUSSION

A prisoner seeking *habeas* relief under § 2254 must generally file a petition within one year from the latest of four benchmark dates: (1) when the judgment of conviction becomes final; (2) when a government-created impediment to making such a motion is removed; (3) when the constitutional right asserted is initially recognized by the Supreme Court, if it has been made

retroactively available to cases on collateral review; or (4) when the facts supporting the claim(s) could have been discovered through the exercise of due diligence. *See* 28 U.S.C. § 2244(d)(1)-(2).

Petitioner's conviction became final on November 20, 2012, following "the expiration of [the] 90-day period of time to petition for *certiorari* in the Supreme Court of the United States." *Warren v. Garvin*, 219 F.3d 111, 112 (2d Cir. 2000).[1] The petition, executed by Petitioner on February 18, 2020, was received by the Court on February 19, 2020, more than seven years after the judgment of conviction became final.

In his letter filed on September 4, 2020, Petitioner lists six post-conviction motions that were filed, challenging his conviction – one motion that was filed in 2010, a second motion that was filed in 2012, three motions that were filed in 2014, and another motion that was filed in 2016. The motions filed in 2014 and 2016, filed after Petitioner's conviction became final, do not toll the statute of limitations, because postconviction motions filed after the limitations period expires do not start the limitations period anew. "[P]roper calculation of Section 2244(d)(2)'s tolling provision excludes time during which properly filed state relief applications are pending but does not reset the date from which the one-year statute of limitations begins to run." *Smith v. McGinnis*, 208 F.3d 13, 17 (2d Cir. 2000). Section 2244(d)(2) applies only if a petitioner's postconviction motion was pending within the one-year limitations period.

Petitioner fails to adequately address the delay of more than seven years in filing this petition; thus, the petition must be dismissed as time barred.

---

[1] Petitioner alleges that in 2012, his counsel filed a petition for *certiorari* which was denied, but Petitioner does not provide the specific date that the petition was filed or the date the petition was denied. (ECF No. 9 at 1.)

## CONCLUSION

The Clerk of Court is directed mail a copy of this order to the Petitioner and note service on the docket. The Petitioner's application for a writ of *habeas corpus* under 28 U.S.C. § 2254 is dismissed as time barred.

Because the petition makes no substantial showing of a denial of a constitutional right, a certificate of appealability will not issue. *See* 28 U.S.C. § 2253.

SO ORDERED.

Dated:   April 23, 2021
        New York, New York

                                              *Louis L. Stanton*
                                              Louis L. Stanton
                                                  U.S.D.J.